UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANKLIN JOSE CAMPOS GONZALEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-2596-TLN-CSK

A # 245-313-919

**RELEASE ORDER**

Petitioner, an immigration detainee proceeding pro se, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 5.)

On May 6, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 11.)  Respondent filed objections to the findings and recommendations objecting for the same reasons advanced in an earlier filing.  (ECF No. 12 (citing ECF No. 8).)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper

1

analysis.  However, the Court finds the appropriate relief is Petitioner's release from custody rather than the post-deprivation bond hearing recommended by the magistrate judge.  (*See* ECF No. 11 at 12.)

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]").  As the magistrate judge correctly found, Petitioner's civil immigration detention is unlawful.  (*See* ECF No. 11.)  Petitioner is subject to 8 U.S.C. § 1226(a) ("§ 1226(a)") but was not provided a bond hearing before he was detained.  (*Id.* at 7); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (describing the "extensive procedural protections" provided under § 1226(a)).  Nor was he issued a warrant prior to his detention.  (*See generally* ECF No. 8-1); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under [§] 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under [§] 1226(a).") (emphasis in original).  In light of these procedural deficiencies and blatant disregard for Petitioner's constitutional rights, the proper remedy here is not to allow the Government a second chance to come into conformity with the law — it is to release Petitioner from unlawful custody. *See Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of noncitizen challenging his detention without a bond hearing and collecting cases); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (ordering release where noncitizen was arrested without a warrant in violation of § 1226(a)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are ADOPTED IN PART.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondent must IMMEDIATELY RELEASE Petitioner (A # 245-313-919) from

custody. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

4.   Respondent is ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5.   **The Clerk of Court is directed to serve California City Immigration Processing Center with a copy of this Order.**

6.   Respondent's motion to dismiss (ECF No. 8) is DENIED.

7.   The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 27, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3